IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LARRY D. WILLIAMS, II, § § *Plaintiff*, § § v. § § APPLE INC.; AND § DOE DEFENDANTS 1-100, § § *Defendants*. § | CIVIL ACTION NO. 4:19-cv-782 JURY DEMANDED |

## APPLE INC.'S NOTICE OF REMOVAL

TO PLAINTIFF LARRY D. WILLIAMS II AND HIS ATTORNEY OF RECORD AND TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

PLEASE TAKE NOTICE THAT Defendant Apple Inc. ("Apple") hereby removes to this Court the State Court action described below, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Please take further notice that a true and correct copy of this Notice of Removal is being served and filed concurrently with the Clerk of the District Court of Harris County, Texas as an exhibit to the Notice of Removal being filed in that Court.

### PROCEDURAL FACTS

1. On January 28, 2019, this action was filed in the District Court for Harris County, Texas by Plaintiff Larry D. Williams II ("Plaintiff"). This action is entitled "*Larry D. Williams II v. Apple, Inc. and Doe Defendants 1-100*", Cause No. 201906645. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit "A."

1

2. The Summons and Complaint were received by Apple by certified mail on February 5, 2019.

3. This Notice of Removal is being filed within thirty (30) days of Apple's receipt of service of the Summons and Complaint. Fewer than 30 days have elapsed since this action became removable to this Court.

4. A copy of this Notice of Removal is being served by United States mail upon counsel for Plaintiff, James C. Mattox, III, 2800 Post Oak Road, Houston, Texas, 77056, as required by 28 U.S.C. § 1446(d).

5. Apple has been served with no other papers, pleadings, or orders in this action.

## DIVERSITY JURISDICTION

6. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a). Removal is proper in this case by reason of diversity of citizenship pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the amount in controversy asserted by Plaintiff exceeds the sum of $75,000.

7. Plaintiff has alleged in the Complaint that he is and was at the time this action was filed a resident of Harris County, Texas. (Ex. A at 1.)

8. Apple was at the time of this filing and still is a citizen of California. Apple is incorporated in California and has its principal place of business in California at One Apple Park Way, Cupertino, CA 95014. Attached as Exhibit "B" is a true and correct copy of Apple's Statement of Information filed with the California Secretary of State on September 24, 2018.

9. Because Plaintiff is a citizen of Texas and Apple is a citizen of California, there is complete diversity of citizenship between the parties.

10. In the caption of the Complaint, Plaintiff alleges fictitious parties "Does 1-100". Apple does not know the identity of the Doe defendants and therefore does not know their

citizenship.  However, "[f]or purposes of removal under [28 U.S.C. § 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Thus, the presence of the Doe defendants does not destroy the complete diversity in this case.

11.     The face of the Complaint shows that the amount in controversy alleged by Plaintiff in this action exceeds $75,000, exclusive of interests and costs.  While Apple denies all liability to Plaintiff and denies that Plaintiff is entitled to any damages, Plaintiff asserts ten causes of action and seeks an assortment of damages, including Plaintiff's alleged "permanent and continuous injuries," "physical pain and suffering," and alleged "diminished capacity for the enjoyment of life [and] a diminished quality of life," and alleged "lost ability to earn a living [that] will be continued . . . in the future."  (*E.g.*, Ex. A ¶¶ 3-7, 20.)  Plaintiff also seeks attorneys' fees and punitive damages.  (*Id*. ¶¶ 20, 109.)

12.     The Complaint is devoid of any allegations regarding the amount of the claim. Plaintiff is a lawyer.  (*Id*. ¶¶ 6-7.)  According to the United States Bureau of Labor Statistics, the annual mean wage for an attorney in Texas is $145,800.  (Ex. C.)  Thus, only one portion of Plaintiff's alleged damages—which Apple denies—based on Plaintiff's claimed lost ability to earn a living in the future exceeds $75,000.  *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000) (removal appropriate where plaintiff alleged that a slip-and-fall accident caused "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement"); *Martin v. Southwest PCS, L.P.*, No. SA-03-CA-866-XR, 2003 U.S. Dist. LEXIS 19448, at *2-3 (W.D. Tex. Nov. 3, 2003) (removal appropriate where plaintiff sought "back pay and benefits," "punitive damages and compensatory damages for other pecuniary

losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of professional and credit reputation," and "attorney's fees").

13. Based on the foregoing, all of the requirements for removal based upon diversity of citizenship have been met.

14. Pursuant to Local Rule 81, the following documents are attached to this Notice of Removal:

| | | |
|---|---|---|
| Exhibit A: | Plaintiff's Original Petition (filed 01/28/2019); |
| Exhibit B: | Apple's Statement of Information filed with the California Secretary of State on September 24, 2018 |
| Exhibit C: | United States Bureau of Labor Statistics, the annual mean wage for an attorney in Texas is $145,800 |
| Exhibit D: | Notice of Removal, (Filing No. 1) |
| Exhibit E: | Index of Matters Being Filed |
| Exhibit F: | List of All Counsel of Record |
| Exhibit G: | Civil Case Cover Sheet |
| Exhibit H: | State Court Docket Sheet |
| Exhibit I: | State Court Filings |

1. Plaintiff's Original Petition (01/28/2019)
2. Civil Process Pick Up Form (02/01/2019)

WHEREFORE, Apple hereby gives notice that the above action, now pending in the District Court for Harris County, Texas, is removed in its entirety to this Court.

Respectfully submitted,

*/s/ T. Christopher Trent*
T. Christopher Trent
Texas Bar No. 20209400
Federal ID No. 14244
919 Milam, Suite 1500
Houston, Texas 77002
 (713) 222-2323 – Telephone
 (713) 222-2226 – Facsimile
ctrent@johnsontrent.com

ATTORNEY-IN-CHARGE FOR DEFENDANT, APPLE INC.

OF COUNSEL:

JOHNSON, TRENT & TAYLOR, LLP

Raphael C. Taylor
State Bar No. 00788514919
Federal ID No. 17278
Milam Street, Suite 1500
Houston, Texas 77002
(713) 222-2323 – Telephone
(713) 222-2226 – Facsimile
rtaylor@johnsontrent.com
klong@johnsontrent.com

5

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of March 2019, a true and correct copy of the foregoing document was served on the following counsel pursuant to the Federal Rules of Civil Procedure.

James C. Mattox, III                                                            ***Via ECF and Via Email***
**THE MATTOX LAW FIRM, PLLC**
2800 Post Oak Blvd.
Houston, Texas 77056
Main Tel. No. (832) 899-5484
Facsimile No.: (832) 843-9991
E-mail: jamesc@themattoxlawfirm.com
***Counsel for Plaintiff***

                                               */s/ T. Christopher Trent*
                                               T. Christopher Trent