# EXHIBIT A

COPY OF PLEADING PROVIDED BY PLTD.

RECEIPT NUMBER _____ 0.00
TRACKING NUMBER _____ 73588085__ATX

CAUSE NUMBER   201906645

PLAINTIFF: WILLIAMS, LARRY (II)
vs.
DEFENDANT: APPLE INC

In The 133rd
Judicial District Court of
Harris County, Texas

CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: APPLE INC (CORPORATION) BY SERVING CT CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136

2/5 by CM

Attached is a copy of  PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on the ___28th___ day of ___January_____ , 20_19_, in the
above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the
District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were
served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___1st___ day of
___February_____ , 20_19_.

Issued at request of:
NATTOX, JAMES C. III
301125  PO BOX
HOUSTON, TX  77230
TEL: (832) 741-8341
Bar Number: 24106261

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: CHAMBERS, WANDA  UGW//11147543

OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____ , 20_____ at _____ o'clock ___.M., endorsed

the date of delivery thereon, and executed it at _____ ,
                                                        (STREET ADDRESS)                          (CITY)

in _____ County, Texas on the _____ day of _____ , 20_____ at _____ o'clock ___.M.,

by delivering to _____ , by delivering to its
                 (THE DEFENDANT/CORPORATION NAMED IN CITATION)

_____ , in person, whose name is _____
(QUALIFIED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                 (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____ .
                                (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THE PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____ , 20_____.

FEE: $ _____                      By: _____
                                          (SIGNATURE OF OFFICER)

                                      Printed Name: _____

_____       As Deputy for: _____
Affiant Other Than Officer                             (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____ , known to me to be the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was
executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____ , 20_____.

_____
                Notary Public

H. INT.CITC.P                    *73588085*

1/28/2019 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 30730335
By: Miaeda Hutchinson
Filed: 1/28/2019 3:29 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LARRY D. WILLIAMS II, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Apple INC., and Doe Defendants 1-100, | § | |
| Defendants, | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW Larry Williams II, Plaintiff herein, complaining of and about APPLE,

INC., and Doe Defendants 1-100, hereinafter called Defendants, and for their cause of action

show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends that discovery be conducted under Discovery Level 2 under TEX. R.CIV.

P. 190.3

### II. PARTIES AND SERVICE

Plaintiff, Larry Williams II, is an individual who resides in Harris County, Houston,

Texas.

1

Defendant, APPLE INC. is a corporation doing business in Harris County, Texas and can be served with process by delivering a copy of this citation and petition to: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1-100 and therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges such fictitiously named Defendants are or may be responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct. Plaintiff is informed and believes and therefore alleges that at all times herein mentioned, Defendants, and each of them, were the agents, servants and/or employees of each of the other Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment.

### III. STATEMENT OF JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limit of this court.

This Court has jurisdiction because each Defendant maintained sufficient contacts with the State of Texas such that the exercise of jurisdiction over said Defendants would not offend traditional notions of fair play and substantial justice, and because Plaintiff's claims arose out of events occurring in the State of Texas.

2

This court has jurisdiction over Defendant "Apple Inc." because Defendant is authorized to do business in Texas and does in fact transact business in Harris County, Texas.

Venue in Harris County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Harris Count

## IV. <u>INTRODUCTION</u>

Plaintiff brings this action for injuries and damages suffered as a direct and proximate result of the use of APPLE iOS 12.1 update (hereinafter "the Product"). The Product was intended to be used to add "group" Facetime calls.

At all times relevant to this action, Defendants were responsible for the design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product to be used by by consumers throughout the United States and World, including Texas, Louisiana, Missouri, and Mississippi.

All of Plaintiff's claims for damages relate to Defendant's design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product. The Defendant's Product reached Plaintiff, by and through software updates directly with consumers

3

and the Plaintiff from the Defendants, without substantial change in condition from the time it left Defendant's possession.

Plaintiff, used the Product in the manner in which it was intended.

## V. FACTUAL BACKGROUND

1.    At all times hereinafter mentioned, Defendant designed, manufactured, distributed, and placed into the stream of commerce iOS 12.1 update and its components (sometimes referred to herein as "the Product" or "Apple update").

2.    The Product was brought to market using a wireless transmission from Defendant's servers to Plaintiff's wireless device.

3.    Plaintiff alleges that the Product is defective and as a result has caused irreparable harm and unnecessary injury.

4.    On or about January 27, 2019, it was brought to the attention of the Plaintiff that the iOS 12.1 iphone Apple update contained a defect that allows for unsolicited answering of Facetime calls.

5.    Under the update or most current version, an unknown third party is allowed to eavesdrop on a parties phone without answering. Essentially the product converts a person's

personal iPhone into a microphone that can be answered by an unknown third party to listen and record one's most intimate conversation without consent.

6.   Plaintiff was undergoing a private deposition with a client when the this defective product breach allowed for the recording of a private deposition.

7.   The Product was used for its intended purpose because Plaintiff updated their phone for the purpose of group Facetime calls but not unsolicited eavesdropping.
Plaintiff suffered injuries.

8.   An unknown number of undefined Plaintiffs have sustained similar privacy injuries as a result of the product.

9.   That at all times relevant hereto the Defendants failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public on notice of the dangers and adverse effects caused by the update to iOS 12.1, including, but not limited to the Product's failure to withstand its normal and intended use.

10.   Defendants designed, manufactured, distributed and placed into the stream of commerce the Product and its components, during the relevant time period.

5

11.     Defendants performed, completed, and were solely responsible for the design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product, during the relevant time period.

12.     Defendant had in their possession, during the relevant time period, testing, research and studies regarding cyber security and privacy breached of the Product.

13.     Defendants had in their possession, during the relevant time period, information regarding the rate of privacy breaches and failure of the Product.

14.     That at all times relevant hereto, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned product when they knew or should have known of the hazardous and dangerous propensities of the said product, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by Plaintiff.

## VI. CAUSES OF ACTION

### COUNT I
### NEGLIGENCE
### (Against All Defendants)

15.     Plaintiff repeats, reiterates, incorporates and realleges each and every paragraph and allegation contained in this Complaint with the same force and effect as if fully set forth herein.

6

16.    At all times relevant to this cause of action, Defendants were in the business of designing, developing, manufacturing, marketing and selling sophisticated software, including iOS 12.1.

17.    Defendant had a duty to exercise reasonable care in the design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product, including the duty to take all reasonable steps necessary to manufacture and sell a Product that was not defective and unreasonably dangerous to consumers and users of the Product.

18.    Defendant failed to exercise reasonable care in the design, manufacture, sale, testing, marketing, labeling, advertising, promotion, and/or distribution of the Product because Defendants knew, or should have known, that its Product would cause unsolicited  privacy breaches and eavesdropping.

19.    Defendants knew, or should have known, that consumers, such as the Plaintiff, and would foreseeably suffer injury as a result of Defendant's failure to exercise ordinary care.

20.    As a direct and proximate consequence of Defendant's negligence, Plaintiff sustained permanent and continuous injuries, pain and suffering and emotional trauma that will continue into the future. Plaintiff lost ability to earn a living and will be continued to be so in the future. Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished capacity for the enjoyment of life, a diminished quality of life, and damages.

7

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

**COUNT II**
**STRICT PRODUCTS LIABILITY: DESIGN DEFECT**
**(Against All Defendants)**

21.     Plaintiff repeats, reiterates, incorporates and realleges each and every paragraph and allegation contained in this Complaint with the same force and effect as if fully set forth herein.

22.     Defendants have a duty to provide adequate warnings and instructions for its products including iOS 12.1, to use reasonable care to design a product that is not unreasonably dangerous to users.

23.     At all times relevant to this action, Defendants designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed the Product.

8

24.    The Product was expected to, and did, reach the intended consumers, handlers, and persons coming in contact with the Product with no substantial change in the condition in which the Product was designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed by Defendants.

25.    The Product was designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed  in a defective condition, for use by Plaintiff and all other consumers of the Product, making the Product unreasonably dangerous.

26.    The Product, as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants was defective in design and formulation in that when it left the hands of the manufacturers, suppliers, and distributors, the foreseeable risks of harm caused by the Product exceeded the claimed benefits of the Product.

27.    Defendant's Product, as designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed by Defendants was defective in design and formulation, because when it left the hands of Defendants, the Product was unreasonably dangerous and was also more dangerous than expected by the ordinary consumer.

28.    At all times relevant to this action, Defendants knew and had reason to know that the Product was inherently defective and unreasonably dangerous as designed, formulated, and

manufactured by Defendants, and when used in the form manufactured and distributed by

Defendants, and in the manner instructed by Defendants to be used and installed by the

Plaintiff and other consumers.

29.    By reason of the foregoing, Defendant is liable to Plaintiff for damages as a result of its

failure to warn and/or adequately warn the Plaintiff of the increased defects associated with the

Product.


30.    As a direct and proximate consequence of Defendant's negligence, Plaintiff sustained

permanent and continuous injuries, pain and suffering and emotional trauma that will continue

into the future. Plaintiff lost ability to earn a living and will be continued to be so in the future.

Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished

capacity for the enjoyment of life, a diminished quality of life, and damages.


**WHEREFORE,** Plaintiff demands judgment against the Defendants, and

request compensatory damages for past, present, and future pain and suffering, prejudgment

and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by

law, punitive damages, and any and all such other relief as the Court deems just and proper;

and further, demands a trial by jury of all issues so triable.


## COUNT III
## STRICT PRODUCTS LIABILITY: FAILURE TO WARN
### (Against All Defendants)


10

31.   Plaintiff repeats, reiterates, incorporates and realleges each and every paragraph and allegation contained in this Complaint with the same force and effect as if fully set forth herein.

32.   iOS 12.1 was defective and unreasonably dangerous when it left the possession of the Defendants in that it contained warnings insufficient to alert consumers, including Plaintiff, of the risk associated with the Product.

33.   Defendants designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed the Product.

34.   The Defendants were expected to, and did, reach the intended consumers, handlers, and persons coming in contact with the Product with no substantial change in the condition in which the Product was designed, researched, developed, manufactured, tested, labeled, advertised, promoted, marketed, sold, supplied, and/or distributed by Defendants.

35.   Use of Defendants' Product, as designed, researched, developed, manufactured, tested, advertised, promoted, marketed, sold, labeled, and distributed by Defendants, involves a substantial danger to Plaintiff that would not be readily recognized by the ordinary user of the Product.

36.   Plaintiff used Defendant's Product as intended or in a reasonably foreseeable manner. Defendant failed to provide adequate warnings to avoid the substantial danger.

11

37.     As a direct and proximate consequence of Defendant's negligence, Plaintiff sustained

permanent and continuous injuries, pain and suffering and emotional trauma that will continue

into the future. Plaintiff lost ability to earn a living and will be continued to be so in the future.

Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished

capacity for the enjoyment of life, a diminished quality of life, and damages.

        **WHEREFORE,** Plaintiff demands judgment against the Defendants, and

requests compensatory damages for past, present, and future pain and suffering; prejudgment

and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by

law, punitive damages, and any and all such other relief as the Court deems just and proper;

and further, demands a trial by jury of all issues so triable.

## COUNT IV
## BREACH OF EXPRESS WARRANTY
### (Against All Defendants)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this

Complaint with the same force and effect as if fully set forth herein.

39.     Defendants, through their officers, directors, agents, representatives, written literature,

and media advertisements, expressly warranted that their Product was safe and effective and fit

for use by consumers, was of merchantable quality, did not create the risk of or produce

dangerous side effects, including, but not limited to, unknown third parties being allowed to

eavesdrop without consent, and was adequately tested and fit for its intended use.

12

40.    At the time of making such express warranties, Defendants knew and/or should have known that their Product did not conform to the express warranties and representations and that, in fact, their Product's risk of unknown third parties being allowed to eavesdrop without consent, of which Defendants had full knowledge and did not accurately or adequately warn.

41.    The Product manufactured and sold by Defendants did not conform to these representations because it caused serious injury, including unsolicited invasions into one's privacy, to consumers such as the Plaintiff.

42.    Defendants breached their express warranties because the Product was and is defective for its intended purpose.

43.    Plaintiff, did rely on Defendant's express warranties regarding the safety and efficacy of their Product in purchasing and using the Product.

44.    As a foreseeable, direct, and proximate result of the breach of the express warranties, the Plaintiff suffered severe invasions into privacy, harm, and economic loss.

   **WHEREFORE,** Plaintiff demands judgment against the Defendants and request compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law,

13

punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT V
## BREACH OF IMPLIED
## WARRANTY
## (Against All Defendants)

45.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

46.    At all times relevant to this action, Defendants manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, and/or sold their Product for, and among other things, group Facetime Calls.

47.    At all relevant and material times, Defendants intended its Product be used in the manner that Plaintiff in fact used it.

48.    Defendants implied warranted its Product to be of merchantable quality, safe and fit for the use for which Defendants intended and Plaintiff in fact used.

49.    Defendants breached its implied warranty as follows:

          a. Defendants failed to provide the warning or instruction and/or adequate warning or instruction which a software provider exercising reasonable care

14

would have provided concerning that risk;

b. Defendants designed and/or manufactured iOS 12.1 which did not conform to representations made by the Defendant when it left Defendants' control;

c. Defendants designed and/or manufactured iOS 12.1 which was more flawed than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the Product design or formulation exceed the benefits associated with that design. These defects existed at the time the product left the Defendants control.

50. Further, Defendants marketing of iOS 12.1 was false and/or misleading and Plaintiff relied on these misrepresentations.

51. Defendant's representations and implied warranties were false, misleading, and inaccurate because the Product was defective, and not of merchantable quality.

52. At the time Defendant's Product was promoted, marketed, distributed, and/or sold by Defendants, Defendants knew of the use for which it was intended and impliedly warranted the Product to be of merchantable quality and safe and fit for such use.

53.   Contrary to Defendant's implied warranties, its Product as used by the Plaintiff, was not of merchantable quality and was not safe or fit for its intended use because the Product was unreasonably dangerous as described herein.

54.   Defendants breached its implied warranty because its Product was not safely fit for its intended use and purpose.

55.   Defendants placed its Product into the stream of commerce in a defective, unsafe, and inherently dangerous condition, and the Product was expected to and did reach the Plaintiff without substantial change in the condition in which it was designed.
The foregoing warranty breaches were a substantial factor in causing Plaintiff's injuries and damages as alleged.

56.   As a direct and proximate consequence of Defendant's negligence, Plaintiff sustained permanent and continuous injuries, pain and suffering and emotional trauma that will continue into the future. Plaintiff lost ability to earn a living and will be continued to be so in the future. Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished capacity for the enjoyment of life, a diminished quality of life, and damages.

57.   By reason of the foregoing, Defendants are liable to the Plaintiff for damages as a result of its breaches of implied warranty.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT VI
## FRAUDULENT MISREPRESENTATION
### (Against All Defendants)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

59.     Defendants, by and through agents and employees as will be added following discovery, intentionally, willfully, and knowingly, fraudulently misrepresented to the technology community, the government and consumers, including the Plaintiff, that its Product had been adequately tested and was found to be safe and effective.

60.     Defendants knew or believed at the time it made its fraudulent misrepresentations, that its misrepresentations were false and fraudulent regarding the dangers and risks associated with use of its Product. Defendants made its fraudulent misrepresentations intentionally, willfully, wantonly, and with reckless disregarded and depraved indifference for the safety and well-being of the users of their Product.

17

61.   Defendant's fraudulent misrepresentations were made with the intent of

defrauding and deceiving the Plaintiff, and the public, and also inducing the technology

community, Plaintiff, and the public, to recommend, use, download and install Defendant's

Product.

62.   Defendants were under a duty to disclose to the Plaintiff and all consumers, the

defective design and formulation of its Product, which design and formulation heightened the

risk of suffering the injuries more specifically described in this Complaint.

63.   Defendants had sole access to material facts concerning the defective nature of

the Product and its propensity to cause serious and dangerous injuries and damages to persons

who used the Product.

64.   The intentional concealment and omissions of material fact concerning the safety

of the Product was undertaken purposefully, willfully, wantonly, fraudulently by Defendants,

with intent to mislead, with reckless disregard for the health and safety of the Plaintiff and to

induce Plaintiff and other consumers to download, use, and/or install Defendant's Product;

and to mislead Plaintiff into reliance upon Defendant's fraudulent misrepresentations to use

Defendants' Product as safe and effective.

65.   At the time Defendants made these misrepresentations, during the relevant time

period, including through Defendants various officers, directors, agents, representatives, and

employees, Plaintiff was unaware of Defendant's falsehoods, and reasonably believed them to be true.

66.     Defendants knew and had reason to know that the Product was at great risk of causing serious harm to its users, and that the Product was inherently dangerous in a manner that exceeded the inaccurate and inadequate warnings given by Defendants.

67.     In reliance upon Defendants' false and fraudulent misrepresentations, the Plaintiff was induced to, and did, reasonably rely upon Defendants' misrepresentations regarding the safety and efficacy of Defendant's Product, thereby sustaining severe and permanent harm and damages.

68.     As a result of Defendant's research and testing or lack thereof, Defendants willfully, wrongfully, and intentionally distributed false information including, but not limited to, assuring the Plaintiff, and the public, that Defendant's Product was safe for use.

69.     As a result of Defendant's research and testing, or lack thereof, Defendants intentionally omitted, concealed, and suppressed from Plaintiff and other consumers the true results of Defendants' studies and research, which revealed the true risks of serious harm associated with the use of the Product.

70.     Defendants had a duty when disseminating information to the public to provide truthful information, and a parallel duty not to deceive the public.

71.     The information distributed by Defendants to the public, including the Plaintiff, was not limited to, reports, press releases, advertising campaigns, print advertisements, commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth regarding the dangers of the use of Defendant's Product.

72.     Defendants recklessly and/or intentionally falsely represented the risks in using the Product to the public at large, and the Plaintiff for the purpose of influencing the sales of a Product known by Defendants to be dangerous and defective.

73.     Defendants' wrongful conduct constitutes fraud and deceit, and was committed and perpetrated willfully, wantonly, and purposefully.

74.     As a foreseeable, direct, and proximate result of Defendant's described acts and omissions, Plaintiff was caused to suffer the injuries described in this Complaint.

75.     As a direct and proximate consequence of Defendant's negligence, Plaintiff sustained permanent and continuous injuries, pain and suffering and emotional trauma that will continue into the future. Plaintiff lost ability to earn a living and will be continued to be so

20

in the future. Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished capacity for the enjoyment of life, a diminished quality of life, and damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

**COUNT VII**
**FRAUDULENT CONCEALMENT**
**(Against All Defendants)**

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

77.     At all times during the course of dealing between Defendants and Plaintiff, Defendant misrepresented material facts about the security of the Product for its intended use.

78.     Defendants fail to mention the likelihood third parties being allowed to wire tamper or eavesdrop on unsolicited facetime calls.

79.     Defendants were under a duty to disclose to Plaintiff, and all consumers the defective nature of the Product.

80.     Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous harm.

81.     Defendant's concealment and omissions of material facts concerning, *inter alia,* the security of the Product was made purposefully, willfully, wantonly, and/or recklessly, to mislead and induce Plaintiff into reliance, continued use of the Product, and actions thereon, and to cause them to purchase, and/or use the Product. Defendant's misrepresentation were made with knowledge that their statements were false.

82.     Defendant knew that Plaintiff, and all consumers had no way to determine the truth behind Defendants' concealment and omissions, and that these included material omissions of facts surrounding the Product, as set forth herein.

83.     Plaintiff and consumers prior to the date of Plaintiff's iphone update, relied on the Defendants' representations about the Product. Defendants' misrepresentations induced the use of their product to Plaintiff.

84.     Plaintiff, as well as other consumers relied on facts revealed which negligently, fraudulently and/or purposefully did not include facts that were concealed and/or omitted by Defendants.

22

85.     As a result of the foregoing acts and omissions, Plaintiff sustained permanent and continuous injuries, pain and suffering and emotional trauma that will continue into the future. Plaintiff lost ability to earn a living and will be continued to be so in the future. Furthermore, Plaintiff has suffered mental anguish, physical pain and suffering, diminished capacity for the enjoyment of life, a diminished quality of life, and damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants and requests compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION
### (Against All Defendants)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

87.     Defendants had a duty to accurately and truthfully represent to consumers, including Plaintiff, the truth regarding Defendant's claims that Defendant's Product had been tested, and found to be safe and effective for its stated purposes.

88.     The misrepresentations made by Defendants, in fact, were false and Defendants were careless or negligent in ascertaining the truth of the representations at the time Defendants made the misrepresentations.

89.     Defendants represented and marketed the Product as being safe, secure and effective.

90.     After Defendants became aware of the risks of the Product, Defendants failed to communicate to the Plaintiff and other members of the general public, that the product had increased risk of severe privacy breaches.

91.     Defendants failed to exercise ordinary care in making representations concerning its Product and its manufacture, sale, testing, quality assurance, quality control, and distribution in the stream of commerce. Defendants negligently and/or carelessly misrepresented and intentionally concealed the truth regarding the high risk of the Product's unreasonable, dangerous and adverse side effects associated with the implantation, use of the Product.

92.     Defendants breached its duty in representing to the Plaintiff, and the technology community that Defendant's Product did not carry the risk of injuries such as those suffered by Plaintiff and other similarly situated.

24

93.    Defendants failed to warn the Plaintiff and other consumers, of the defective condition of the Product, as designed and/or supplied by Defendants.

94.    Defendants negligently misrepresented material facts about the Product in that it made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendants made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations.

95.    The above misrepresentations were made to Plaintiff, as well as the general public.

96.    Plaintiff, justifiably relied on Defendant's misrepresentations.

97.    Consequently, Plaintiff's use of the Product was to his detriment as Defendants' negligent misrepresentations proximately caused plaintiff's injuries and monetary losses.

98.    As a foreseeable, direct, and proximate result of Defendant's negligent and/or willful, intentional, and knowing misrepresentations as set forth herein, Defendants knew, or had reason to know, that Defendants' Product had not been sufficiently tested, that the Product lacked adequate, accurate, and prominent warnings, and the implantation of the Product created a high risk of adverse effects, and higher than acceptable risks of harm to users, and

higher than reported and represented risks of adverse effects such as those specifically described herein.

99.     As a direct and proximate consequence of Defendant's negligent misrepresentations, the Plaintiff sustained injuries and related losses including mental anguish, physical pain and suffering.

**WHEREFORE,** Plaintiff demands judgment against Defendants, and requests compensatory damages for past, present, and future pain and suffering, prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

**COUNT IX**
**UNJUST ENRICHMENT**
**(Against All Defendants)**

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

101.    Defendants are and at all times were the manufacturer, seller, and/or supplier of the Product.

102.     Plaintiff paid for Defendant's Product for the purpose conducting private phone calls and consented group Facetime calls.

103.     Defendants has accepted payment by Plaintiff for the purchase of their Product.

104.     Plaintiff, has not received the safe and effective Product for which he paid.

105.     It would be inequitable for Defendants to keep this money if Plaintiff, did not in fact receive safe and effective iphone and software update.

        **WHEREFORE,** Plaintiff demands judgment against Defendants, and requests compensatory damages for past, present, and future pain and suffering; prejudgment and post-judgment interest as allowed by law, costs of suit and attorneys' fees, as allowed by law, punitive damages, and any and all such other relief as the Court deems just and proper; and further, demands a trial by jury of all issues so triable.

## COUNT X
## PUNITIVE AND EXEMPLARY DAMAGES
### (All Defendants)

106.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

27

107.    Defendants failed to do what a reasonable prudent software and technology company would have done under the same or similar circumstances, did that which a software and technology company of ordinary prudence would not have done under the same or similar circumstances, and was negligent, in the following particulars, among others:

        a. failing to adequately test;

        b. failing to notify consumers, including Plaintiff;

108.    The foregoing acts, omissions, or both, of Defendants, taken singularly or in any combination, when viewed objectively from the standpoint of Defendants at the time of their occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to consumers, including Plaintiff. Defendants were aware there was a high probability at least some consumers would suffer harm. Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of consumers, including Plaintiff.

109.    The foregoing acts, omissions, or both of gross negligence were performed (or failed to be performed) by Defendants, in that such conduct was the conduct of:

a.  one of the corporate officers of Defendant;

b.  one or more persons who had the authority to employ, direct, and discharge servants of Defendants;

c.  one or more persons who were engaged in the performance of non-delegable or absolute duties of Defendants; or

28

d.  one or more persons whom Defendants had confided the management of the whole or a department or division of its business.

For the foregoing reasons, Plaintiff seeks punitive or exemplary damages from Defendants.

## VII. JURY DEMAND

Plaintiff requests that this action be heard by a jury.

## VIII. REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## IX. CONCLUSION AND PRAYER

**WHEREFORE,** Plaintiff prays that Defendant be summoned to appear and answer herein and that upon final trial, Plaintiff have:

a.  Judgment against Defendants, jointly and severally, for compensatory damages in excess of the jurisdictional amount of this Court;

b.  Judgment against Defendants, jointly and severally, for punitive or exemplary damages in excess of the jurisdictional amount of this Court;

c.  Pre-Judgment interest;

d.  Post-Judgment interest;

e.  cost of court;

f.   Such other and further relief, at law or in equity, to which Plaintiff may

be entitled, whether by this Original Petition or by any amendment

hereto.


Respectfully submitted,

The Mattox Law Firm PLLC


By: _____

James C. Mattox, III
Texas Bar Number 24106261
The Mattox Law Firm PLLC
2800 Post Oak Blvd.
Houston, TX 77056
Telephone:      (832) 899-5484
Fax:               (832) 843-9991
E-mail: jamesc@themattoxlawfirm.com


*Attorneys for Plaintiff*

30