# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. WILLIAMS, II, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-782 |
| | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| *Defendants*. | § | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT Plaintiff Larry D. Williams, II hereby moves this Court for an order remanding this case to the District Court, Harris County, Texas pursuant to 28 U.S.C. § 1447(c). Remand is supported by this **Motion and Brief in Support**, the record on file in this action and any such other written or oral argument that may be presented to this Court.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. WILLIAMS, II, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-782 |
| | § | |
| | § | |
| APPLE INC., | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION FOR REMAND WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES,** Plaintiff, Larry D. Williams, II, and files his Motion for Remand, and in support respectfully show the Court as follows:

### I.

### INTRODUCTION

Defendant removed this case, claiming complete diversity of parties. There is no complete diversity. Thus, Plaintiff respectfully request that this Court find it lacks jurisdiction and, consequently, remand this case to the District Court, Harris County, Texas.

### II.

### BACKGROUND

**Facts Showing the Lack of Complete Diversity**

Complete diversity is lacking in this case. Plaintiff, Larry D. Williams, II, is a citizen of Texas. Defendant, Apple, Inc. has availed itself to a Texas state court due to Defendant's

1

constant and pervasive affiliations with the forum State that has rendered Defendant essentially at "home" in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown* 564 U.S. 915 (2011).

### Facts Showing Defendant's Substantial and Continuous Activity in Texas

Defendant carries on substantial continuous and systematic activities in Texas such that they are at home in this state. The following list of some of those activities in Texas known to Plaintiff thus far.

1. There are eighteen (18) Defendant owned and operated retail stores in the State of Texas, four (4) of which are located within the Houston, Texas area;

2. Defendant Directs advertisement and solicits business specifically in and throughout the State of Texas;

3. Defendant has hundreds of thousands (copious amount of) subscribers in Texas, that use (one or more) of Defendant made products and/or services.

### III.
### ARGUMENTS & AUTHORITIES
### Remand is Favored

Upon a plaintiff's motion for remand, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries,* L.P., 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). All "doubts regarding whether removal jurisdiction is proper should be resolved against

federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). All factual allegations are evaluated in the light most favorable to the plaintiff. Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005).

### Subject Matter Jurisdiction Should be Determined First

The question of a court's jurisdiction over a proceeding is a fundamental one, going to the court's very power to act. The United States Supreme Court has explained that "jurisdiction is the power to declare the law…." *Steel Co.*, 523 U.S. at 94. As "federal courts are courts of limited jurisdiction…. they possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A court's power may not "be expanded by judicial decree." Id. Instead, a court is to presume that an action lies outside of its limited jurisdiction and answer the first and fundamental question in every case – that of jurisdiction – even when it is not raised by the parties. *Steel Co.*, 523 U.S. at 94; Kokkonen, 511 U.S. at 377; *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Magnum Producing LP v. St. Paul Surplus Lines Ins. Co.*, 2010 WL5342870 (S.D. Tex 2010); *L.P. Commercial Corp. v. Caudill*, 870 F.Supp. 743, 745-6 (S.D. Tex 1994) (adding, "it has been clearly established for at least fifty years that when a case is removed from state court to federal court, diversity jurisdiction is tested at the time of removal.") Thus, the courts have declared the requirement that jurisdiction be established as a threshold matter. *Steel Co.,* 523 U.S. at 94-95 (finding that this requirement "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception").

3

Absent jurisdiction, a court may not act except to dismiss or remand an action before it. The United States Supreme Court has announced this precept as a fundamental principle of the separation of powers. *Steel Co.*, 523 U.S. at 94. The Fifth Circuit has likewise emphasized the importance of this axiom to comity with the states:

> Where federal court proceeds in a matter without first establishing that a dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect.

*Howery*, 243 F.3d at 916 n.6.

The Fifth Circuit has gone further to state that the reason a federal court's first inquiry must be whether the case falls within its limited jurisdiction is that "unless a federal court possesses subject matter jurisdiction over a dispute…any order it makes (other than an order of dismissal or remand) is void." *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 210 (5th Cir. 2004).

As this Court's subject matter jurisdiction has been so clearly brought into question by both Plaintiff and Defendant, it must satisfy its first and fundamental duty to determine if it has the power to adjudicate any issues in this case. If this Court determines that it lacks subject matter jurisdiction, then it must remand this case to the state court, which, in fact, does have such jurisdiction.

**Complete Diversity and Subject Matter Jurisdiction are Lacking**

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy must be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). And the basis for Defendants removal of this case is that this Court "has original subject matter jurisdiction of this civil action pursuant 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served

parties and the amount in controversy exceeds $75,000.00" Yet here, as explained in Part II. *supra*, it is undisputed that the Defendant has availed itself to the jurisdiction of a Texas state court. As such, complete diversity and, consequently, subject matter jurisdiction are lacking. Thus, this case should be remanded to the District Court, Harris County, Texas.

### Texas Long Arm Statute is Proper

"Texas courts may assert personal jurisdiction over a nonresident Defendant only if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is consistent with federal and state due process standards." *Gonzalez v. AAG-Law Vegas, LLC* (Tex.App.- Houston [1st Dist.] Oct. 29, 2009) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)); see Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.045 (Vernon 2008) (Texas long-arm statute). The long-arm statute allows Texas courts to exercise jurisdiction over a nonresident defendant that "does business" in the state. Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 2008). The Texas Supreme Court has held that "section 17.042's broad language extends Texas courts' personal jurisdiction as far as the federal constitutional requirements of due process will permit." *BMC Software*, 83 S.W.3d at 795. *Choice Auto Brokers, Inc. v. Dawson* (Tex.App.- Houston [1st Dist.] Sep. 25, 2008) (Nuchia). Here, the Defendant has purposefully availed itself of the privilege of conducting activities within the State of Texas. Second, the activities are purposeful, not random, isolated, or fortuitous. Third, the Defendant benefits, advantage, and profit by virtue of its activities in the State of Texas. Therefore, the Defendant by the notion of implied consent has conceded to the jurisdiction of the State of Texas as all elements of both general and specific personal jurisdiction are met.

IV.

## CONCLUSION

Plaintiff further shows that Defendant had no plausible basis for claiming that this court had jurisdiction on any basis that would take precedence over any cause of action in Plaintiff's petition. As such, the notice of removal served as an unnecessary and needless delay in the trial of this cause and greatly increased the cost of this litigation. Plaintiff respectfully moves this court to order any appropriate sanctions including, but not limited to, ordering Defendant to pay the amount of reasonable expenses incurred by Plaintiff in preparing and presenting this motion, including reasonable attorney's fees.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff, Larry D. Williams, II, prays that the Court abstains from hearing this cause of action and remands the same to the District Court, Harris County, Texas, for resolution on the merits, for recovery of all costs and disbursements, including attorney's fees, incurred by reason of the removal proceedings; and for such other and further relief to which Plaintiff may be justly entitled.

**DATED**: March 27, 2019

Respectfully submitted,
The Mattox Law Firm, PLLC

By: /s/ Tyne' N. Matto
    Tyne' N. Mattox
    Federal Bar
    E-Mail: tynen@themattoxlawfirm.com
    2800 Post Oak Blvd Suite 4100
    Houston, Texas 77056
    Telephone: (832) 899-5484
    Facsimile: (832) 843-9991
    **ATTORNEY IN CHARGE**

**OF COUNSEL**

James C. Mattox, III (*pro hac vice forthcoming*)
jamesc@mattoxlawfirm.com
The Mattox Law Firm PLLC
2800 Post Oak Blvd Suite 4100
Houston, Texas 77056
Telephone: (832) 899-5484
Facsimile: (832) 843-9991


Kelley Anderson(*pro hac vice forthcoming*)
kelley@andersonlawllc.com
The Anderson Law Office
PO Box 56671
St. Louis, MO 63156
Telephone: 314-203-4503
Facsimile: 314-754-8294
*Attorneys for Plaintiff*
Larry D. Williams, II


**CERTIFICATE OF SERVICE**

I hereby certify that on this 27st day of March, 2019, the foregoing was electronically filed with the U.S. District Court Clerk, Southern District of Texas, Houston Division, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECT participants.

/s/ Tyne' N. Mattox
Tyne Mattox