United States District Court
Southern District of Texas

**ENTERED**

May 09, 2019

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LARRY D. WILLIAMS, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-782 |
| | § | |
| APPLE INC., and | § | |
| DOE DEFENDANTS 1–100, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

In January 2019, Larry D. Williams, II, sued Apple Inc. and 100 unknown defendants in state court, alleging that Apple's iOS 12.1 software was defective in allowing unknown third parties to eavesdrop on users, without their permission, during a group Facetime call.  (Docket Entry No. 1-1 at 5–6).  Apple removed under 28 U.S.C. §§ 1332, 1441, and 1446, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  (Docket Entry Nos. 1, 4).  Williams has responded and moved to remand, and Apple responded.  (Docket Entry Nos. 10, 19, 28).

Based on a careful review of the petition; the motions, responses, and reply; the record; and the applicable law, the court denies Williams's motion to remand and grants Apple's motion to dismiss.  The dismissal is without prejudice and with leave to amend no later than June 7, 2019.  Failure to amend may lead to dismissal with prejudice without further notice.  Apple may file a challenge to the amended complaint.  The reasons are explained in detail below.

## I.    Background

Williams is a Texas resident, and Apple is incorporated and headquartered in California.  (Docket Entry No. 1-1 at 1–2).  Williams alleges that the unknown defendants are "agents, servants[,

and] employees" of Apple, acting within their scope of employment.  (*Id*. at 2).  Williams sued Apple and these unknown defendants in state court, and Apple timely removed on the basis of diversity jurisdiction.  (Docket Entry No. 1).

Williams's state-court petition alleges that in January 2019, while he was taking a deposition using his iPhone for a group Facetime call, an unknown third party listed to and recorded the deposition through the iOS 12.1 software.  (*Id*. at 7).  According to Williams, the iOS 12.1 software "converts a . . . personal iPhone into a microphone that can be answered by an unknown third party to listen and record one's most intimate conversation without consent."  (*Id*. at 6–7).  Williams also alleges that "[a]n unknown number of undefined Plaintiffs have sustained similar privacy injuries as a result of the product." (*Id*.).  According to Williams, Apple and its employees knew or should have known of this defect but they failed to provide warnings or instructions that "would have put [users] on notice of the dangers and adverse effects caused by [the software]."  (*Id*. at 7–8).

Williams asserted claims for negligence, products liability based on defective design and failure to warn, breach of express and implied warranties, fraudulent misrepresentation and concealment, negligent misrepresentation, and unjust enrichment.  (*Id*. at 8–31).  Williams seeks compensatory damages, punitive damages, and costs. (*Id*. at 31–32).

Apple has moved to dismiss under Rule 12(b)(6), and Williams has moved to remand for lack of subject-matter jurisdiction.  (Docket Entry Nos. 4, 19).

## II.     The Legal Standards

### A.     Rule 12(b)(1)

A defendant may remove an action to federal court that would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over civil actions if the

matter in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs share the same state citizenship as any one of the defendants." *Centaurus Ashley, LP v. Lexington Ins. Co.*, 791 F. Supp. 2d 559, 563 (S.D. Tex. 2011) (quoting *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003)). A court may disregard the citizenship of a party that has been improperly joined. *Smallwood v. Ill. Cent. R. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc) *cert. denied*, 544 U.S. 992 (2005). The removing party has the burden of establishing improper joinder, and it is a heavy burden. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; (3) or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Trafigura AG v. Enter. Prods. Operating LLC*, 995 F. Supp. 2d 641, 644 (S.D. Tex. 2014) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)).

### B.    Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

3

at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550, U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "a formulaic recitation of the elements of a cause of action will not do." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 558).

## III.   Williams's Motion to Remand

Williams concedes that Apple was incorporated and headquartered in California, but he argues that the court lacks diversity jurisdiction because Apple operates retail stores in Texas, advertises and solicits business in Texas, and provides products and services to Texas customers. (Docket Entry No. 10 at 3, 6).  Williams also argues that under the Texas long-arm statute, a

corporation like Apple "does business" in Texas.  (*Id.* at 6 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 17.042)).

Williams's argument lacks merit.  A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . .  where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is the "nerve center" from which the corporation is controlled.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).  "In practice," a corporation's principal place of business "should normally be the place where [it] maintains its headquarters."  *Id*. at 93.  This nerve center "is a single place."  *Id*.

In its notice of removal, Apple asserted and submitted evidence showing that the company was incorporated and has its headquarters in California, where the company's executive officers who direct, control, and coordinate the company's activities are located.  (Docket Entry No. 1-1).  Williams does not dispute that Apple was incorporated in California.  His allegations as to Apple's Texas stores do not show that Texas was Apple's headquarters or the center of its "overall direction, control, [or] coordination."  *Hertz*, 559 U.S. at 96; *S & T Oil Equip. & Mach. Ltd. v. Juridica Inv. Ltd*, 456 F. App'x 481, 484 (5th Cir. 2012).  The Texas long-arm statute Williams cites addresses this court's personal jurisdiction over Apple, not subject-matter jurisdiction.  *See Johnlewis v. U.S. Bank Nat. Ass'n*, No. H-12-3360, 2013 WL 655808, at *4 (S.D. Tex. Feb. 21, 2013) ("Plaintiff conflates the doctrines of personal jurisdiction and subject matter jurisdiction. . . . The existence or lack of Defendants' minimum contacts with Texas does not impact the Court's subject matter jurisdiction."); *Delay v. Household Fin. Corp., III*, No. A-14-CA-064-SS, 2014 WL 117034, at *1 (W.D. Tex. Mar. 20, 2014) (same).

Williams's motion to remand, (Docket Entry No. 19), is denied.

5

### III.    Apple's Motion to Dismiss

Because the court is sitting in diversity, Texas law governs Williams's claims. *James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018).  Under Texas law, a plaintiff can recover in a products-liability action under three theories: (1) strict liability, (2) negligence, and (3) breach of warranty. *Romo v. Ford Motor Co.*, No. B-10-66, 2011 WL 13250476, at *2 (S.D. Tex. May 26, 2011) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex. 1984)); *see also Howard v. Forest River, Inc.*, No. 9:15-cv-162, 2017 WL 9325286, at * 15 (E.D. Tex. Nov. 14, 2017); *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 255 (5th Cir. 1988).  The issue in a strict-liability case is whether the product is defective, and in a negligence case, the issue is whether the manufacturer exercised ordinary care. *Syrie v. Knoll Int'l*, 748 F.2d 304, 307 (5th Cir. 1984).  Both claims require proof of causation. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).  "Under Texas law, [n]egligence requires a showing of proximate cause, while producing cause is the test in strict liability." *Id.* (quoting *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007)).  Both causation requirements turn on "whether an alleged cause of injury may be recognized as a 'substantial factor.'" *Id.* at 265. (quoting RESTATEMENT (SECOND) OF TORTS § 431, cmt. a (1965) and *Leer Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471–72 (Tex. 1991)).

### A.    Strict Liability

Williams argues that Apple is strictly liable to him because the iOS 12.1 software had a design defect and failed to give him and other users warning or instruction about the defect.  To state a Texas design-defect claim, a plaintiff must allege facts showing that "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed;

(3) the defect was a producing cause of the injury for which plaintiff seeks recovery." *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009); TEX. CIV. PRAC. & REM. CODE § 82.005(a); *Barragan v. Gen. Motors LLC*, No. SA-15-CV-854-DAE, 2016 WL 3519675, at *3 (W.D. Tex. June 22, 2016). "[A] safer alternative design is a necessary component to a design defect claim." *Rodriguez v. Gilead Scis., Inc.*, No. 2:14-cv-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015). Conclusory allegations that do not "relate to a safer alternative design" or "address global dangerousness, poor quality, or marketing issues" fail to state a plausible claim under Rule 12(b)(6). *Id*.

Williams's petition does not allege facts about any available alternative design.  He fails to allege facts about the iOS 12.1 software as to whether the defect that allegedly allowed a third party to "eavesdrop" on his group Facetime call was "unreasonable" for the product's ordinary use. Williams's generalized allegation that the iOS 12.1 software was "unreasonably dangerous" and caused him injury falls short of the Rule 8 threshold. *See Hernandez v. Siemens Corp.*, No. SA-16-CV-539-XR, 2016 WL 6078365, at *3 (W.D. Tex. Oct. 17, 2016), *aff'd*, 726 F. App'x 267 (5th Cir. 2018) (the plaintiff did not state a claim because he made only a conclusory allegation that the product was defectively designed without explaining the defect or how it caused the plaintiff's injury).

When a manufacturer fails to properly warn of a product's dangerous propensities, that failure may make an otherwise nondefective product unreasonably dangerous. *McLennan v. Am. Eurocopter Corp.,* Inc., 245 F.3d 403, 427 (5th Cir. 2001) (citing *Smith v. Aqua–Flo, Inc.*, 23 S.W.3d 43, 47 (Tex. App.—Houston [1st Dist.] 2000, writ denied)); *see also Polanco v. Innovation Ventures, LLC*, No. 7:13-cv-568, 2014 WL 12599332, at *2 (S.D. Tex. May 5, 2014).  A plaintiff

7

must allege facts showing that: "(1) a risk of harm exists that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product; (2) the product supplier must actually know, or could reasonably foresee, the risk of harm at the time the product is marketed; (3) the product must have a marketing defect; (4) the absence of the warning or instructions must render the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn or instruct must constitute a causative nexus in the product user's injury." *Deeds v. Whirlpool Corp.*, No. H-15-2208, 2016 WL 6070552, at *3 (S.D. Tex. Oct. 17, 2016) (citation omitted).

Williams's petition recites the pleading elements, but it does not allege facts that could show Apple's knowledge of the defect or that Apple could reasonably have foreseen that an unknown third party would listen to Williams's group Facetime call without his permission. (Docket Entry No. 1-1). He fails to allege facts that could show that Apple's alleged failure to warn or instruct made the iOS 12.1 software "unreasonably dangerous." Williams's "the-defendant-unlawfully-harmed-me accusation" is not enough to state a plausible claim. *Iqbal*, 556 U.S. at 678.

Williams's products-liability claims based on the strict-liability theory are dismissed.

**B.    Negligence**

To recover under a negligence theory, a plaintiff must allege facts showing that: (1) the defendant had a duty of care, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff's injury. *Romo*, 2011 WL 13250476, at *4 (citing *Dion v. Ford Motor Co.*, 804 S.W.2d 302, 310 (Tex. 1991)); *Howard*, 2017 WL 9325286, at *15. To state a breach of duty, the plaintiff must allege facts showing that the defendant failed to exercise ordinary care as a reasonably prudent person would do under similar circumstances. *Duarte v. Landstar*

*Inway, Inc.*, No. SA-14-CA-1053, 2015 WL 12571570, at *1 (W.D. Tex. July 30, 2015) (citing *Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401 (Tex. 2009)).

Williams's petition does not allege what Apple's duty of care is or how Apple breached it. (Docket Entry No. 9).  As Apple pointed out, Williams's allegations "recite the legal elements of a negligence claim in conclusory terms."  (*Id.*).  That is inadequate.  *Twombly*, 550 U.S. at 545.

Williams's claim also fails because he did not state facts that could show that Apple's alleged negligent design or manufacture of the iOS 12.1 software proximately caused his injury.  Under Texas law, "[p]roximate cause consists of both cause in fact and foreseeability." *Meador*, 911 F.3d at 264.  "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred."  *Id*.  Williams alleges that an unknown third party recorded his private deposition.  (Docket Entry No. 1-1 at 7).  He pleads no facts showing that Apple could have reasonably foreseen his injury.

### C.     Breach of Implied and Express Warranties

Williams alleges that Apple breached both implied and express warranties.  To state a plausible claim for breach of the implied warranty of merchantability, a plaintiff must plead facts showing that: (1) the merchant sold goods to the plaintiff; (2) the goods were unmerchantable and "unfit for the ordinary purposes"; (3) the plaintiff notified the defendant of the breach; and (4) the plaintiff suffered injury.  *Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 816 (S.D. Tex. 2013) (citing *Hyundai Motor Co. v. Rodriguez*, 995 S.W.2d 661, 667–68 (Tex. 1999)).  "Proof of a defect is required for a claim of breach of implied warranty of merchantability."  *Id.*; *see* TEX. BUS. COM. CODE § 2.314; *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 443 (Tex. 1989).

For the reasons stated above, Williams's petition fails to allege facts showing that Apple's iOS 12.1 software was "unfit for the ordinary purposes." His allegation that an unknown third party could listen to a group Facetime call without a user's permission is not enough to show that the software was unmerchantable. Williams also fails to allege that he notified Apple of this alleged defect. His allegations of breach of implied warranty need more.

Williams's breach-of-express-warranty claim is also inadequate because he does not plead with specificity when and where Apple made an express warranty, the terms of the warranty, or that he relied on the warranty in purchasing the iOS 12.1 software. William pleads that "Defendants, through their officers, directors, agents, representatives, written literature, and media advertisements, expressly warranted that their Product was safe and effective and fit for use by consumers, was of merchantable quality, did not create the risk of or produce dangerous side effects, including, but not limited to, unknown third parties being allowed to eavesdrop without consent, and was adequately tested and fit for its intended use." (Docket Entry No. 1-1 at ¶ 39). He fails to point to any specific warranty Apple allegedly made to him. *See Whirlpool Corp.*, 2016 WL 6070552, at *11 (dismissing the plaintiff's breach-of-express-warranty claim because the complaint "fail[ed] to identify a single express warranty about the 'title, quality or characteristics of [the goods] by affirmation of fact, description or by display of sample or model" (quotation omitted)).

### D.    Fraudulent and Negligent Concealment and Misrepresentation

Williams alleges that Apple fraudulently or negligently misrepresented or concealed information about the iOS 12.1 software. These negligence-based claims fail because Williams's petition does not allege what material false statements Apple made or the material facts that Apple should have disclosed but did not. RESTATEMENT (SECOND) OF TORTS § 552B (negligence

misrepresentation); *Roberts v. Zev Tech., Inc.*, No. 1:15-cv-309 RP, 2015 WL 7454688, at *5 (W.D. Tex. Nov. 23, 2015) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 443 (Tex. 1991)).

Under Texas law, to state a fraud claim, the plaintiff must allege facts showing that: (1) the defendant made a material misrepresentation that was false; (2) the defendant knew that the representation was false or made it recklessly without knowledge of its truth; (3) the defendant intended to induce the plaintiff to act on the representation; and (4) the plaintiff actually and justifiably relied on the representation and suffered an injury.  *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  Williams's petition alleges no facts that could support finding Apple's knowledge of a specific false representation or omission, or Apple's intent to induce Williams's reliance on a specific false representation or omission.  Williams also fails to meet the heightened specificity burden under Rule 9(b) for a claim of fraud.  *See Todd Pavlat v. Deere & Co., Brookside Equip. Sales Inc.*, No. H-19-325, 2019 WL 1383734, at *3 (S.D. Tex. Mar. 6, 2019) (citations omitted) (courts apply Rule 9(b) to Texas-law claims based on fraud).

Williams's negligent and fraudulent misrepresentation or concealment claims are dismissed.

### E.    Other Claims

Williams also asserts an unjust-enrichment claim and asks for punitive and exemplary damages, pre- and post-judgment interest, and costs.  Because Williams cannot state a plausible claim under Rule 12(b)(6), these claims are also dismissed.  *See Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545 (5th Cir. 2015) (Texas courts have not recognized unjust enrichment as an independent cause of action.).

**IV.     Conclusion**

Williams's motion to remand, (Docket Entry No. 19), is denied.  Apple's motion to dismiss, (Docket Entry No. 4), is granted.  Williams's claims against Apple are dismissed, without prejudice with leave to amend by **June 7, 2019.**  Failure to replead by that deadline may lead to dismissal with prejudice without further notice.

SIGNED on May 9, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge