# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LARRY D. WILLIAMS II, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:19-cv-00782 |

## DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. II
II. ARGUMENT ......................................................................................................... 2
    A. Plaintiff's Product Liability and Negligence Claims Fail. ........................... 2
        1. Plaintiff's Claims Fail As a Matter Law Under the Economic Loss Rule. ................................................................................. 2
        2. Plaintiff Cannot Allege a Product Defect Claim. .............................. 3
        3. Plaintiff's Negligence Claim Fails. ................................................... 5
    B. Plaintiff's Express and Implied Warranty Claims Fail. ............................... 6
    C. Plaintiff's Claim for Interception of Communication Fails. ....................... 9
    D. Plaintiff Is Not Entitled to Punitive or Exemplary Damages. .................... 10
III. CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agarwal v. Mt. Hawley Ins. Co.*,
No. CV H-16-03285, 2017 WL 7688727 (S.D. Tex. Apr. 13, 2017) ............................ 6

*Aubrey v. Barlin*,
No. A-10-CA-076-SS, 2010 WL 11583502 (W.D. Tex. Apr. 28, 2010) ................ 7 n.3

*Barragan v. Gen. Motors LLC*,
No. SA-15-CV-854-DAE, 2016 WL 3519675 (W.D. Tex. June 22,
2016) ............................................................................................................................ 5

*Cantu v. Fed. Home Loan Mortg. Corp.*,
No. CV M-12-103, 2012 WL 13054833 (S.D. Tex. Sept. 17, 2012) ............................ 6

*Carlton v. Olympus Corp. of Americas*,
No. 1:18-CV-00026-LY, 2019 WL 6037322 (W.D. Tex. July 26, 2019) ..................... 5

*Chatmon v. W. Texas Counseling & Rehab.*,
No. 3:14-CV-945-P, 2015 WL 13544782 (N.D. Tex. Dec. 1, 2015) ............................ 9

*Deburro v. Apple, Inc.*,
No. A-13-CA-784-SS, 2013 WL 5917665 (W.D. Tex. Oct. 31, 2013) ......................... 9

*Doll v. Ford Motor Co.*,
814 F. Supp. 2d 526 (D. Md. 2011) ........................................................................ 8 n.4

*Estes v. JP Morgan Chase Bank, Nat. Ass'n*,
613 F. App'x 277 (5th Cir. 2015) ................................................................................. 8

*Hall v. El Dorado Chem. Co.*,
No. CIV.A. H-09-2528, 2012 WL 4214039 (S.D. Tex. Aug. 31, 2012) ....................... 3

*Johnson v. Philip Morris*,
159 F. Supp. 2d 950 (S.D. Tex. 2001) ......................................................................... 7

*Joy Pipe USA, L.P. v. Fremak Indus., Inc.*,
No. CV H-13-2153, 2014 WL 12599328 (S.D. Tex. Nov. 10, 2014) .......................... 3

*Mayo v. Halliburton Co.*,
No. CIV.A. H-10-1951, 2010 WL 4366908 (S.D. Tex. Oct. 26, 2010) .................. 9, 10

## TABLE OF AUTHORITIES
(continued)

**Page**

*Menefee v. Houston Police Dep't*,
   No. CV H-14-1705, 2016 WL 3077487 (S.D. Tex. May 31, 2016) ............................ 10

*Morgan v. Medtronic, Inc.*,
   172 F. Supp. 3d 959 (S.D. Tex. 2016) .......................................................................... 8

*Morris v. Am. Home Mortg. Servicing, Inc.*,
   443 F. App'x 22 (5th Cir. 2011) ............................................................................. 4 n.2

*P. McGregor Enterprises, Inc. v. Hicks Const. Grp., LLC*,
   420 S.W.3d 45 (Tex. App. 2012) .................................................................................. 3

*Rodriguez v. Gilead Scis., Inc.*,
   No. 2:14-cv-324, 2015 WL 236621 (S.D. Tex. Jan. 16, 2015) ...................................... 5

*In re Seagate Tech. LLC Litig.*,
   No. 16-CV-00523-JCS, 2017 WL 3670779 (N.D. Cal. Aug. 25, 2017) ........................ 8

*Sharyland Water Supply Corp v. City of Alton*,
   354 S.W.3d 407 (Tex. 2011) .................................................................................... 2, 3

*Smith v. Houston Indep. Sch. Dist.*,
   229 F. Supp. 3d 571 (S.D. Tex. 2017) ................................................................. 4 n.2, 9

*TEU Servs., Inc. v. Inventronics USA, Inc.*,
   No. SA-16-CV-01023-RCL, 2018 WL 3338217 (W.D. Tex. Feb. 5,
   2018) ........................................................................................................................ 2, 3

I.  **INTRODUCTION**

In dismissing Plaintiff's original complaint for failure to state a claim, the Court held that Plaintiff's vague and conclusory allegations were insufficient to survive past the pleading stage. Although the Court allowed Plaintiff an opportunity to amend, Apple's Motion to Dismiss demonstrated that Plaintiff's First Amended Complaint suffers from the same fatal flaws as his original complaint. Plaintiff's opposition, filed nearly four months late, cannot save his failed complaint. Plaintiff's opposition does not respond meaningfully to Apple's arguments or cited authorities, improperly attempts to assert fact allegations that appear nowhere in the FAC, and does not offer any explanation to bolster his deficient claims. To the contrary, Plaintiff effectively concedes that he has not—and cannot—allege sufficient facts to support his product defect claim, breach of express warranty claim, and interception of communication claim. He argues—based on a misunderstanding of the pleading requirements—that his unsupported claims should proceed, and promises that he will use the discovery process to attempt to uncover facts that may support his conclusory allegations. This is not what the law requires. Rather, he must first allege a claim using more than labels and conclusions before he is permitted to subject Apple and this Court to the burdensome discovery and litigation process. Because Plaintiff has not done so, even on his second attempt at pleading any claim, the Court should dismiss Plaintiff's FAC in its entirety with prejudice.[1]

---

[1] Consistent with the Court's instructions at the status conference, no additional opportunity to amend the complaint is warranted. Any such opportunity would be futile in light of Plaintiff's admissions in his FAC and his Opposition.

1

## II. ARGUMENT

### A. Plaintiff's Product Liability and Negligence Claims Fail.

#### 1. Plaintiff's Claims Fail As a Matter Law Under the Economic Loss Rule.

As Apple demonstrated in its opening motion, Plaintiff's product liability and negligence claims must be dismissed as a matter of law under the economic loss rule because Plaintiff cannot show that the supposed injury from the recording of a "private deposition" caused him, or any of his property, physical harm. (Mot. at 5-6.) In response, Plaintiff argues that the rule is inapplicable here. (Opp. at 5-6.) Plaintiff is wrong. It is well established that the economic loss rule applies in cases like this one in which the alleged loss arises from the failure of a product and the alleged damage or loss is limited to the product itself. *TEU Servs., Inc. v. Inventronics USA, Inc.*, No. SA-16-CV-01023-RCL, 2018 WL 3338217, at *5 (W.D. Tex. Feb. 5, 2018) (finding economic loss rules barred plaintiff's negligence and strict liability claims where plaintiff alleged that the defendant's LED drivers consistently failed and caused damage to the light fixtures of which the drivers were a part, but where plaintiff did not allege damage to any other property).

Plaintiff's only cited authority *Sharyland Water Supply Corp v. City of Alton*, 354 S.W.3d 407 (Tex. 2011) does not warrant a different outcome. The Texas Supreme Court explained that *Sharyland,* which involved the negligent construction of a sewer line that caused damage to the plaintiff's property, did not alter the application of the economic loss rule to strict product liability and negligence claims in product defect cases. *Id.* at

418. Since *Sharyland,* courts continue to apply the economic loss rule in product defect cases like this one. *See Joy Pipe USA, L.P. v. Fremak Indus., Inc.*, No. CV H-13-2153, 2014 WL 12599328, at *2 (S.D. Tex. Nov. 10, 2014), *report and recommendation adopted,* No. CV H-13-2153, 2014 WL 12597848 (S.D. Tex. Dec. 8, 2014) (noting that *Sharyland* recognizes that "strict liability is one area in which application of the economic loss rule is well-established"); *Hall v. El Dorado Chem. Co.*, No. CIV.A. H-09-2528, 2012 WL 4214039, at *4 (S.D. Tex. Aug. 31, 2012), *aff'd sub nom.* 538 F. App'x 483 (5th Cir. 2013) (finding the economic loss rule precluded plaintiffs' negligence claim where they disclaimed personal injury and physical property damage and sought only economic damages and noting that *Sharyland* did not require a different result); *see also P. McGregor Enterprises, Inc. v. Hicks Const. Grp., LLC*, 420 S.W.3d 45, 51 (Tex. App. 2012) (distinguishing *Sharyland* and applying economic loss rule to bar Plaintiff's breach of contract claim). Accordingly, the economic loss rule bars Plaintiff's negligence and strict liability claims. *TEU Servs., Inc.*, 2018 WL 3338217, at *5 (finding economic loss rules barred plaintiff's negligence and strict liability claims where it failed to allege damage to other property).

### 2. Plaintiff Cannot Allege a Product Defect Claim.

Although Plaintiff asserts that he has sufficiently pled the requisite elements for a design defect claim—(1) that the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which plaintiff seeks recovery—his arguments in

opposition cannot save his deficient product defect claims.[2] (Opp. at 6-7.) In its previous order, the Court held that Plaintiff's generalized allegations were insufficient to show that the software update was unreasonably dangerous or defective. (ECF No. 30, MTD Order ("Order") at 7.) Despite the Court's prior holding, Plaintiff's FAC and opposition continue to offer no facts to support his argument that the alleged software defect was "unreasonably dangerous." His allegation that the defect "left Plaintiff's legal practice and attorney client privilege vulnerable and unsuspecting to attack by anyone and everyone" is entirely vague and insufficient to establish that the software update was "unreasonably dangerous." (Opp. at 7.) Moreover, Plaintiff still has not alleged any facts showing that a safer alternative design existed. He effectively concedes as much and argues instead that this factor may be "proven by presented evidence in court through expert testimony at trial" and should not be a factor in a Rule 12(b)(6) motion. (*Id*.) But the Court already rejected this argument in its previous order. The Court explained that Plaintiff *must allege sufficient facts to support the plausibility* of a safer design alternative because it is a necessary element to a substantive design defect claim. (*See* Order at 7.) Plaintiff cannot escape his burden to plead a safer alternative design simply

---

[2] In its motion to dismiss, Apple argued that Plaintiff's product defect claim based on a failure to warn theory should be dismissed because Plaintiff failed to show Apple's knowledge of the alleged defect at the time that the product was marketed. (Mot. at 8-9.) Plaintiff does not address this claim or respond to Apple's argument in his opposition. Accordingly, he has waived this argument and his product defect claim for failure to warn should be dismissed. *See Smith v. Houston Indep. Sch. Dist.*, 229 F. Supp. 3d 571, 580 (S.D. Tex. 2017) (dismissing RICO claim where complaint included only conclusory allegations and plaintiff's opposition failed to rebut defendant's argument for dismissal); *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (plaintiff's argument waived where he did not raise it in opposition to the motions to dismiss).

by asserting that he will provide it later. *See Carlton v. Olympus Corp. of Americas*, No. 1:18-CV-00026-LY, 2019 WL 6037322, at *7 (W.D. Tex. July 26, 2019), *report and recommendation adopted*, No. 1:18-CV-26-LY, 2019 WL 6037277 (W.D. Tex. Aug. 23, 2019) ("even at the motion to dismiss stage, a safer alternative design is a necessary component to a design defect claim" (citation omitted)); *Rodriguez v. Gilead Scis., Inc.*, No. 2:14-cv-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015) (dismissing design defect theory where Plaintiff failed to plead any facts related to safer alternative design noting that "federal procedural law requires that the pleading allege sufficient facts to support the plausibility of that element" (citation omitted)). Without factual allegations supporting the existence of a safer alternative design, Plaintiff's product defect claim must be dismissed. *Barragan v. Gen. Motors LLC*, No. SA-15-CV-854-DAE, 2016 WL 3519675, at *3 (W.D. Tex. June 22, 2016) (dismissing design defect claim where plaintiff entirely failed to plead the existence of a safer alternative design).

### 3. Plaintiff's Negligence Claim Fails.

In granting Apple's prior motion to dismiss Plaintiff's original complaint, the Court held that that Plaintiff's conclusory allegations were insufficient to establish a negligence claim. (*See* Order at 9.) Plaintiff's second attempt, however, fares no better. Apple demonstrated in its opening motion that Plaintiff's vague allegations in his FAC again fall short of establishing the elements of a negligence claim. Plaintiff again fails to establish Apple's purported duty of care or any breach of that duty, let alone any injury Plaintiff may have suffered because of Apple's purported breach. (Mot. at 10-11.) In his opposition brief, Plaintiff simply repeats his conclusory allegations and restates the

elements of the claim. But he provides *no* facts to support his claim and offers only additional speculative allegations. The Court already found Plaintiff's vague allegations insufficient to establish Apple's purported negligence and Plaintiff's opposition confirms that nothing has changed. (Order at 9.) The Court should dismiss Plaintiff's negligence claim again, this time with prejudice. *Cantu v. Fed. Home Loan Mortg. Corp.*, No. CV M-12-103, 2012 WL 13054833, at *2 (S.D. Tex. Sept. 17, 2012) (dismissing negligence claim where defendant showed that plaintiff failed to allege any duty they owed to plaintiff, and where plaintiff's response in opposition again failed to allege that defendant owed a duty); *Agarwal v. Mt. Hawley Ins. Co.*, No. CV H-16-03285, 2017 WL 7688727, at *5 (S.D. Tex. Apr. 13, 2017) (dismissing negligence claims where plaintiff offered only surface-level, conclusory allegations without providing any case-specific facts to merit a plausible claim).

        **B.**     **Plaintiff's Express and Implied Warranty Claims Fail.**

Plaintiff's opposition also fails to rebut Apple's arguments challenging his express and implied warranty claims. As to his claims for breach of express warranty, Plaintiff's opposition confirms that he has no claim. He asserts that "prior to discovery […] warranty terms and conditions associated are unknown to Plaintiff." (Opp. at 8.) In so arguing, Plaintiff *admits* that he cannot identify any affirmation or promise Apple made, let alone that he relied on any such promise—essential elements in pleading a claim for breach of express warranty. Moreover, Plaintiff ignores that Apple's Limited Warranty, offered in connection with Plaintiff's iPhone and other Apple devices, covers only defects in "materials or workmanship," ***not*** purported software design defects. (ECF No.

6

sf-4143490

36-2, Cheung Decl. ISO Apple's MTD FAC, Ex. A at 2.)³ Because Plaintiff again fails to identify any specific warranty terms that encompass the alleged "design defect," Plaintiff's breach of express warranty claim should be dismissed with prejudice. *Johnson v. Philip Morris*, 159 F. Supp. 2d 950, 953 (S.D. Tex. 2001) (dismissing claims for breach of express warranty with prejudice for failure to state a claim where plaintiff's amended complaint did not sufficiently allege the existence of any express warranty).

Plaintiff's efforts to save his implied warranty claims fare no better. Plaintiff again ignores Apple's Limited Warranty which expressly disclaimed all implied warranties, including those relating to merchantability and fitness for a particular use, for the iPhone 6 and the other Apple devices mentioned in the FAC. (Mot. at 12-13.) By failing to respond, Plaintiff concedes that he was "on notice" of the Limited Warranty and that he is bound by its limitations, including its one-year duration.

Plaintiff's opposition also fails to address Apple's arguments specific to his claims for breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose. His only response is to assert vaguely that he provided Apple with notice of the alleged defect prior to service of the complaint. (Opp. at 8.) This argument is unpersuasive. Notice is just *one* element out of four required to state a

---

³ Because Plaintiff did not respond to Apple's Request for Judicial Notice filed in connection with its Motion to Dismiss, Apple's request should be granted as unopposed. Accordingly, the Court may consider Apple's written warranty for the iPhone 6, iWatch, iPad Mini, and MacBook Pro. (ECF Nos. 36-2-36-5); *Aubrey v. Barlin*, No. A-10-CA-076-SS, 2010 WL 11583502, at *1 (W.D. Tex. Apr. 28, 2010) (granting the defendants' request for judicial notice as unopposed where no response was filed).

claim for a breach of implied warranty of merchantability; Plaintiff does not address the other three elements at all. (Mot. at 14.) Even setting aside his failure to address multiple essential elements of his claim, Plaintiff's only allegation that Apple was supposedly notified of the defect "for the purpose of reaching an amicable resolution prior to service of the complaint" (Opp. at 8) is insufficient.[4] *Morgan v. Medtronic, Inc.*, 172 F. Supp. 3d 959, 970 (S.D. Tex. 2016) (dismissing warranty claim for failure to provide pre-suit notice where plaintiff did not allege in his original complaint that he complied with the pre-suit notice requirements); *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-JCS, 2017 WL 3670779, at *11 (N.D. Cal. Aug. 25, 2017) (applying Texas law and dismissing warranty claim finding plaintiffs' allegations that the defendant had "received timely notice regarding the problems at issue in this litigation" too conclusory to satisfy plausibility pleading standards). Regardless, because Plaintiff makes this claim for the first time in his opposition and the FAC does not allege that he provided Apple notice, this allegation cannot be considered, even if Plaintiff had satisfied his pleading burden. *Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) (finding the district court properly did not consider new factual allegations asserted in opposition but not included in the complaint). Moreover, Plaintiff's opposition does not respond to any of Apple's arguments regarding Plaintiff's failure to plead a breach of

---

[4] Rather than provide any facts regarding the "notice" he allegedly provided Apple, Plaintiff cites, without explanation, an out-of-circuit case discussing warranty claims under Maryland, Illinois, New York, and South Carolina law. (Opp. at n.17.) This case is irrelevant, and in any event, does not support Plaintiff's argument because the Court dismissed the plaintiff's implied warranty claims under South Carolina and Maryland law for failure to provide adequate notice. *Doll v. Ford Motor Co.*, 814 F. Supp. 2d 526, 543 (D. Md. 2011).

8

implied warranty of fitness for a particular purpose claim. Plaintiff has thus waived any arguments in opposition. *Smith*, 229 F. Supp. 3d at 580; *Mayo v. Halliburton Co.*, No. CIV.A. H-10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting defendants' motion to dismiss certain claim where plaintiff failed to respond to defendant's arguments for dismissal in its opposition). Plaintiff's implied warranty claims should be dismissed. *Deburro v. Apple, Inc.*, No. A-13-CA-784-SS, 2013 WL 5917665, at *7–8 (W.D. Tex. Oct. 31, 2013) (granting motion to dismiss implied warranty claims based on Apple's conspicuous disclaimer of all implied warranties and further finding Plaintiff's breach of implied warranty of merchantability and implied fitness for a particular purpose claims failed).

### C. Plaintiff's Claim for Interception of Communication Fails.

Plaintiff also fails to respond to Apple's arguments demonstrating that his claim for interception of communication fails. Instead, Plaintiff admits that "he cannot say" whether Apple intercepted his communication "without further discovery." (Opp. at 8.) Plaintiff cannot survive the pleading stage simply by asserting unfounded and implausible allegations that he hopes may be proven true in discovery. *Chatmon v. W. Texas Counseling & Rehab.*, No. 3:14-CV-945-P, 2015 WL 13544782, at *4 (N.D. Tex. Dec. 1, 2015), *dismissed*, 688 F. App'x 291 (5th Cir. 2017) (finding plaintiff was not entitled to discovery where his complaint failed to state a plausible claim for relief and noting that "before a plaintiff is entitled to discovery, he must *first* produce a complaint that passes the plausibility test" (citation omitted and emphasis in original)). Accordingly, because Plaintiff admits that he cannot plead the required elements of the

9

claim, his interception of communication claim should be dismissed with prejudice. *Menefee v. Houston Police Dep't*, No. CV H-14-1705, 2016 WL 3077487, at *1 (S.D. Tex. May 31, 2016) (granting motion to dismiss with prejudice and without leave to amend because further amendment would be futile).

### D. Plaintiff Is Not Entitled to Punitive or Exemplary Damages.

Plaintiff does not respond to Apple's argument supporting dismissal of his claim for punitive and exemplary damages. (Mot. at. 17.) By not responding, Plaintiff has waived this argument and these claims should be dismissed. *Mayo*, 2010 WL 4366908, at *5.

### III. CONCLUSION

For the foregoing reasons, Defendant Apple Inc. respectfully requests that the Court grant Defendant's Motion to Dismiss Plaintiff's First Amended Complaint in its entirety with prejudice.

Dated:  December 2, 2019		Respectfully submitted,


		*/s/ Tiffany Cheung*

		Tiffany Cheung (*pro hac vice*)
		TCheung@mofo.com
		Christopher L. Robinson (*pro hac vice*)
		ChristopherRobinson@mofo.com
		Claire C. Bonelli (*pro hac vice*)
		CBonelli@mofo.com
		MORRISON & FOERSTER LLP
		425 Market Street
		San Francisco, California  94105-2482
		Telephone: 415.268.7000
		Facsimile:  415.268.7522

		*Of Counsel for Defendant*
		APPLE INC.

		Signed with permission of:

		T. Christopher Trent (SBN 20209400)
		ctrent@JohnsonTrent.com
		JOHNSON TRENT & TAYLOR LLP
		919 Milam Street, Suite 1500
		Houston, TX 77002
		Telephone:  713-222-2323
		Facsimile:  713-222-2226

		*Attorney-in-Charge for Defendant*
		APPLE INC.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of December 2019, a true and correct copy of the foregoing document was served on the following counsel pursuant to the Federal Rules of Civil Procedure via ECF.

| | |
|---|---|
| Tyne Mattox<br>James C. Mattox, III<br>The Mattox Law Firm PLLC<br>2800 Post Oak Blvd Suite 4100<br>Houston, Texas 77056 | Kelley Anderson<br>kelley@andersonlawllc.com<br>PO Box 56671<br>St. Louis, MO 63156 |

Dated:  December 2, 2019　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　/s/ Claire Bonelli

Claire Bonelli (*pro hac vice*)
CBonelli@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile:  415.268.7522

*Of Counsel for Defendant* APPLE INC.

Signed with permission of:

T. Christopher Trent (SBN 20209400)
ctrent@JohnsonTrent.com
JOHNSON TRENT & TAYLOR LLP
919 Milam Street, Suite 1500
Houston, TX 77002
Telephone:  713-222-2323

*Attorney-in-Charge for Defendant* APPLE INC.

12

sf-4143490