United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY D. WILLIAMS II, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-782 |
| | § | |
| APPLE INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

Before the Court is Defendant Apple Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint. Dkt. 36. Plaintiff Larry D. Williams II filed suit against Apple Inc. and Doe Defendants in Harris County District Court alleging negligence, product liability, breach of warranty, fraud, and related causes of action. Dkt. 1-1. Apple removed this case to the United States District Court for the Southern District of Texas. Dkt. 1. Apple moved to dismiss Williams's Complaint, and the Court granted the motion to dismiss, with leave for Williams to amend his complaint. Dkts. 4, 30. Williams filed his Amended Complaint alleging that Apple's iOS12.1 update is defective because it eavesdropped on him and his clients during a private deposition without his consent. Dkt. 35. Apple moved to dismiss the amended complaint. Dkt. 36.

Having carefully reviewed the amended complaint, the motion, response, and reply, and the applicable law, the Court **GRANTS** Apple's motion to dismiss.

## I. Background

Williams's first amended complaint alleges that on January 25, 2019, while he was taking a deposition using his iPhone for a group Facetime call, an unknown third party listened to and recorded the deposition through the iPhone's iOS 12.1 software. Dkt. 35 ¶¶ 17, 24. He alleges that the iOS 12.1 software update "converted [Williams's] personal iPhone into a microphone that was answered unbeknownst to [Williams] and was used to listen [to] and record [Williams]'s most intimate transaction, conversations and interactions without consent." *Id.* ¶ 24. Williams asserts that Apple owed a duty to him and all other consumers to manufacture a safe product in accordance with industry standards, but failed to do so, and failed to provide warnings or instructions that would have put the public on notice of the dangers and adverse effects caused by the update. *Id.* ¶¶ 27, 33, 35–37.

Williams asserts claims for negligence, strict products liability based on design defect, breach of express warranty, breach of the implied warranties of merchantability and of fitness for a particular purpose, and interception of communication. Dkt. 35 at 5–10. He seeks compensatory, punitive, and exemplary damages, and costs. *Id.* at 11–12. Apple moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 36.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set

forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

When conducting its inquiry, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks and citation omitted). In deciding a motion to dismiss for failure to state a claim, the Court may consider "the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III. Analysis

Because the Court's jurisdiction over this matter is based on diversity, the substantive law of Texas applies. *Erie R.R. Co. v Tompkins*, 304 U.S. 64, 78 (1938); *James v. Woods*, 899 F.3d 404, 408 (5th Cir. 2018).

#### A. Negligence

Apple argues that Williams's amended complaint fails to allege what Apple's duty of care is, how Apple breached it, or how that breach proximately caused Williams's

injury. Dkt. 36 at 10–11. To sustain a negligence action under Texas law, the plaintiff must plead a legal duty owed by the defendant to the plaintiff, a breach of that duty, and damages proximately caused by that breach. *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 292 (5th Cir. 2016) (citing *Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001)).

Williams's amended complaint alleges that Apple breached its duties to manufacture a product in accordance with industry standards (Dkt. 35 ¶ 27) and to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers. Dkt. 35 ¶¶ 35–36. He alleges Apple owed him a duty to protect his privacy by not allowing for the unknown recording of either personal or professional conversations without his consent. *Id.* ¶ 36.

These conclusory allegations do no more than recite the legal elements of a negligence claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Williams's claim also must be dismissed because he does not allege facts that could show that Apple's alleged negligent design or manufacture of the iOS 12.1 software proximately caused his injury. Under Texas law, "[p]roximate cause consists of both cause in fact and foreseeability." *Meador v. Apple Inc.*, 911 F.3d 260, 264 (5th Cir.

2018). Williams pleads no facts showing that Apple could have reasonably foreseen his injury. *See infra*, Section III(C).

### B. Strict Products Liability

Apple argues that Williams's amended complaint fails to allege that a safer alternative design was available for the product, and that Williams's allegations that the iOS update was defective and unreasonably dangerous lack any factual support. Dkt. 36 at 6–8. To recover for a products liability claim alleging a design defect under Texas law, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous, (2) a safer alternative design existed, and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009), *cited in, e.g.*, *Ardoin v. Stryker Corp.*, Civ. Action H-18-2192, 2019 WL 4933600, at *2 (S.D. Tex. Oct. 7, 2019)).

Williams's amended complaint fails to allege the safer alternative design element of a design defect claim. Williams's amended complaint alleges only that "[c]onsumers, including [Williams], who currently use the Product as a form of communicating with others, have several alternative safer products available to purchase or use." Dkt. 35 ¶ 22. Williams does not describe the alternative safer products. And "the availability of alternative . . . devices does not show that safer, feasible alternative designs were available for the [Product itself]." *Fearrington v. Bos. Sci. Corp.*, 410 F. Supp. 3d 794, 804–05 (S.D. Tex. 2019) (Lake, J.).

Williams also fails to support his assertion that the iOS update was defective and unreasonably dangerous with sufficient factual allegations. Williams alleges that the iOS

update "is defective," (Dkt. 35 ¶ 23), that "that the defect allows for conversations and interactions to be heard and recorded without the knowledge or consent of the Plaintiff," (*id.* ¶ 25), and that Williams's iPhone "allowed a third party to listen to audio from [his] deposition, due to a glitch or breach in its three-way [F]acetime programming at the time." *Id.* ¶ 19. These conclusory allegations do not describe how the product was defectively designed and unreasonably dangerous. Williams's allegations are too bare and imprecise to state a claim. *See, e.g.*, *Steen v. Medtronic, Inc.*, Civ. Action 10-936, 2010 WL 2573455, at *2 (N.D. Tex. June 25, 2010) ("Plaintiff simply states that Defendant manufactured and sold a defective and unsafe product. Plaintiff makes no factual allegations showing *how* the [product] was 'defectively designed and unreasonably dangerous.'") (emphasis in original); *see also Hernandez v. Siemens Corp.*, Civ. Action SA-16-539, 2016 WL 6078365, at *3 (W.D. Tex. Oct. 17, 2016), *aff'd*, 726 F. App'x 267 (5th Cir. 2018) (granting Rule 12(b)(6) motion to dismiss defective design claim because plaintiff made only conclusory allegation that product was defectively designed without explaining defect).

### C. Failure to Warn

Apple argues that Williams has not alleged a claim based on the theory that Apple failed to properly warn Williams of the product's alleged defect. Dkt. 36 at 8–9. "A product may be unreasonably dangerous if a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the 'lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous.'" *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 427 (5th Cir. 2001) (citing *Coleman v. Cintas*

*Sales Corp.*, 40 S.W.3d 544, 549–50 (Tex.App.—San Antonio 2001, no writ)). To raise this claim, Williams must plead (1) that there was either an inherent risk associated with use of the product or a risk that might arise from a use that was intended or reasonably anticipated at the time of sale, (2) that the defendant either knew or should have foreseen the risk of harm, (3) that the defendant failed to provide any warning or failed to provide an adequate warning of the danger when the product was sold, (4) that the defendant's failure to warn rendered the product unreasonably dangerous, and (5) that the defendant's failure to warn was the producing cause of the plaintiff's injuries. *McLennan*, 245 F.3d at 427; *see also Deeds v. Whirlpool Corp.*, Civ. Action H-15-2208, 2016 WL 6070552, at *3 (S.D. Tex. Oct. 17, 2016).

Williams does not allege facts showing Apple knew of the alleged defect at the time the product was marketed. Williams alleges Apple failed "to warn the public in general, and [Williams] in particular, of the dangers presented by [using] the Product." Dkt. 35 ¶ 6. He alleges Apple possessed, "during the relevant time period, testing, research and studies regarding cyber security and the Product's propensity to allow others to invade the privacy of its users," (*id.* ¶ 31), that Apple "failed to adequately warn consumers of the dangers inherent in its product" and "failed to provide sufficient warnings and instructions that would have put [Williams] and the general public on notice of the dangers and adverse effects caused by the Product." *Id.* ¶ 37. He alleges that Apple "could reasonably foresee at the time of marketing that" the defect presented a risk of harm, but nonetheless marketed the product as being very secure and private. *Id.* ¶ 48.

He alleges that Apple "should have known or had reason to know of the defects as early as January 19, 2019." *Id.* ¶ 52.

These bare, conclusory allegations fail to state a claim for failure to warn. Williams does not point to any specific testing, research, or studies about cybersecurity or the iOS 12.1 update, or even any general findings in that testing, that would give rise to Apple's liability. This factual allegation does not plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but rather alleges only a sheer possibility that the defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

The only facts Williams alleges in support of this claim refer to tweets to Apple Support on January 19, 2019, and letters sent to Apple's General Counsel as early as January 22, 2019. Dkt. 35 ¶¶ 48–49. Williams does not allege that these dates occurred before Apple marketed the iOS 12.1 update, and he does not allege any facts that occurred before the product was marketed and that tend to show Apple actually knew or reasonably foresaw the risk of harm from the alleged defect. *See, e.g., Oldham v. Thompson/Ctr. Arms Co.*, Civ. Action H-12-2432, 2013 WL 1576340, at *4 (S.D. Tex. Apr. 11, 2013) (Ellison, J.) (dismissing claim based on marketing defect because plaintiff pleaded no facts indicating defendant actually knew or could reasonably foresee the risk of harm at the time the product was marketed).

### D. Breach of Warranty

#### i. Breach of Express Warranty

Apple argues Williams's amended complaint fails to sufficiently allege when and where Apple made an express warranty, the terms of the warranty, or that he relied on the warranty in purchasing the iOS 12.1 software. Dkt. 36 at 11. To recover for breach of an express warranty under Texas law, the plaintiff must prove (1) an express affirmation of fact or promise by the seller relating to the goods, (2) that such affirmation of fact or promise became a part of the basis of the bargain, (3) that the plaintiff relied upon said affirmation of fact or promise, (4) that the goods failed to comply with the affirmations of fact or promise, (5) that the plaintiff was injured by such failure of the product to comply with the express warranty, and (6) that such failure was the proximate cause of plaintiff's injury. *Becker v. Cont'l Motors, Inc.*, 709 F. App'x 263, 267 (5th Cir. 2017) (citing *Great Am. Prods. v. Permabond Int'l, a Div. of Nat'l Starch & Chem. Co.*, 94 S.W.3d 675, 681 (Tex. App.—Austin 2002, pet. denied).

Williams does not plead with specificity when and where Apple made an express warranty or the terms of the warranty. Williams's amended complaint alleges that Apple "expressly warranted that its Product was safe for the ordinary use when used in compliance with the instructions provided." Dkt. 35 ¶ 55. He alleges that Apple marketed the product with the phrase, "If privacy matters in your life, it should matter to the phone your life is on," and that Apple CEO Tim Cook made a general statement on January 28, 2019, about the importance of "vital privacy protections." *Id.* ¶¶ 48–49.

These allegations do not sufficiently describe express affirmations of fact or promise by the seller, and Williams does not allege that these statements relate specifically to the iOS 12.1 software update at issue in his complaint. *See, e.g.*, *Deeds v. Whirlpool Corp.*, Civ. Action H-15-2208, 2016 WL 6070552, at *11 (S.D. Tex. Oct. 17, 2016) ("The complaint fails to identify a single express warranty about the 'title, quality or characteristics' of the subject refrigerator by 'affirmation of fact' or by 'description' or by 'display of sample or model,' the central element of such a claim."). This claim must be dismissed.

### ii. Breach of Implied Warranty of Merchantability

Apple argues Williams has not stated a claim for breach of the implied warranty of merchantability because he fails to allege facts showing that Apple's iOS 12.1 update was unfit for its ordinary purpose. Dkt. 36 at 14–15.

Under Texas law, to prevail on a claim for breach of the implied warranty of merchantability, a plaintiff must prove (1) the defendant sold or leased the product to the plaintiff, (2) the product was unmerchantable, (3) the plaintiff notified the defendant of the breach, and (4) the plaintiff suffered injury. *Bass v. Stryker Corp.*, 669 F.3d 501, 516 (5th Cir. 2012) (citing Tex. Bus. & Comm. Code § 2.314 (West 2009)). A product is unmerchantable if it is "unfit for its ordinary purpose." *Bass*, 669 F.3d at 516.

Williams alleges that the product's intended use was "as a communication device between people whether by telephone calls, text messages, emails or Facetime calls," and particularly between "iPhone users [with] whom the consumer chooses to communicate." Dkt. 35 ¶ 62. Williams does not allege that the iOS 12.1 software was unfit for that

purpose. His allegation that an unknown third party could listen to a group Facetime call without a user's permission is not enough to show that the software was unmerchantable. Williams also fails to allege that he notified Apple of this alleged defect. Williams's claim for breach of the implied warranty of merchantability must be dismissed.

### iii. Breach of Implied Warranty of Fitness for a Particular Purpose

Apple also argues Williams fails to allege a claim for breach of the implied warranty of fitness for a particular purpose because he never claims that the product had any particular non-ordinary purpose, or that Apple knew or had reason to know of that particular non-ordinary purpose. Dkt. 36 at 15. Under Texas law, "[t]o establish a breach of the implied warranty of fitness for a particular purpose, the plaintiff must establish that (1) the seller had reason to know any particular purpose for which the goods were required at the time of contracting and (2) the buyer was relying on the seller's skill or judgment to select or furnish suitable goods." *Bass v. Stryker Corp.*, 669 F.3d 501, 516 (5th Cir. 2012) (citing Tex. Bus. & Comm. Code § 2.315 (West 2009)).

Williams alleges no facts supporting his assertion that Apple warranted to him that the product would be fit for a particular purpose. Williams alleges that the product's particular purpose is communicating with other iPhone users with whom the consumer chooses to communicate, which is nearly identical to the ordinary use he alleges for purposes of his warranty-of-merchantability claim. "[A]n implied warranty of fitness for a particular purpose does not arise unless the particular purpose differs from the usual and ordinary use of the goods. In other words, the particular purpose must be some unusual, out of the ordinary purpose peculiar to the needs of an individual buyer." *Deeds v.*

*Whirlpool Corp.*, Civ. Action H-15-2208, 2016 WL 6070552, at *5 (S.D. Tex. Oct. 17, 2016) (citing Tex. Bus. & Com. Code § 2.315, Comment (2) ("A 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer that is peculiar to the nature of his business.")); *see also Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 744 (N.D. Tex. 2016) (Lynn, J.) (granting Rule 12(b)(6) motion to dismiss claim for breach of implied warranty of fitness where plaintiff failed to allege, among other things, that the product at issue was to be used for some purpose different from the product's ordinary purpose).

Williams's claim for breach of the warranty of fitness also must be dismissed because he does not allege that he notified the manufacturer of the breach. *See, e.g., Polanco v. Innovation Ventures, LLC*, Civ. Action M-13-568, 2014 WL 12599332, at *3 (S.D. Tex. May 5, 2014) (citing *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201-03 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (notice requirement applies to claims for breach of implied warranties of merchantability and fitness for a particular purpose, and neither manufacturer's general knowledge of concerns about product nor commencement of lawsuit satisfies this requirement)).

Williams asserts, in response to Apple's motion to dismiss, that he did notify Apple of the defect prior to serving his complaint. Dkt. 42 at 8. His amended complaint, however, does not allege that fact. This Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *see also Finch v. Univ. of Texas Health Sci. Ctr. at Houston*, Civ. Action H-12-3676, 2013 WL 12099315, at *3 (S.D. Tex. June 27, 2013),

*aff'd*, 575 F. App'x 228 (5th Cir. 2014) ("Allegations contained in a response to a motion to dismiss are not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleadings."). Even if the Court were to incorporate Williams's argument in his response to the motion to dismiss as part of his amended complaint, this claim would still be dismissed for the reasons above.

### E. Interception of Communication

Apple argues Williams's claim for interception of communication must be dismissed because he does not allege facts showing that any communication was intercepted, or that it was intercepted by Apple. Chapter 123 of the Texas Civil Practice and Remedies Code provides a private cause of action against any person who "intercepts, attempts to intercept, or employs or obtains another to intercept or attempt to intercept [a] communication," or (2) "uses or divulges information that he knows or reasonably should know was obtained by interception of the communication." Tex. Civ. Prac. & Rem. Code § 123.002; *Banik v. Tamez*, Civ. Action M-16-00462, 2017 WL 2505653, at *11 (S.D. Tex. June 9, 2017). Interception is defined in part as "acquisition . . . made without the consent of a party to the communication." Tex. Civ. Prac. & Rem. Code § 123.001(2).

Williams's amended complaint alleges that Apple, by way of the iPhone iOS 12.1 software, intercepted or attempted to intercept Williams's private communications. Dkt. 35 ¶¶ 70–73. These allegations are conclusory. Williams does not allege specific facts that would show that Apple obtained any communication from Williams's iPhone.

Neither does Williams allege that Apple used or divulged any information obtained in violation of Chapter 123. *Banik*, 2017 WL 2505653, at *11 ("Plaintiff does not plead any facts suggesting that [Defendant] used or divulged any communication obtained in violation of [Chapter] 123.").

Williams's claim for interception of communication must be dismissed.

## Conclusion

Apple's motion to dismiss (Dkt. 36) is **GRANTED**. The Court previously dismissed Williams's claims without prejudice, affording Williams the opportunity to amend his complaint, and explaining, in detail, the defects in each claim's allegations. Williams failed to remedy those defects in his amended complaint. Therefore, the Court finds that further amendment would be futile, and **DISMISSES** Williams's complaint **with prejudice**.

SIGNED this day 24th day of March, 2020.

_____
George C. Hanks Jr.
United States District Judge